IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANDRE LUCKETT**                                                                                          **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 5:17-cv-93-KS-MTP**

**WARDEN CLIFTON KAHOE**                                                                      **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [29] and Motion to Strike [36]. Having considered the Motions, the record, and the applicable law, the undersigned recommends that the Motion to Strike [36] be denied, the Motion for Summary Judgment [29] be granted, and this action be dismissed with prejudice.

## BACKGROUND

On July 10, 2017, Plaintiff Andre Luckett, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was incarcerated as a post-conviction inmate at the Jefferson-Franklin Correctional Facility. In his complaint and as clarified in his testimony at the *Spears*[1] hearing, Plaintiff alleges that Defendant violated his constitutional rights by failing to provide him adequate protection from harm.

According to Plaintiff, on May 5, 2017, at approximately 3:15 p.m., three inmates approached him and one of the inmates asked Plaintiff if he had stolen the inmate's soap. After Plaintiff denied stealing the soap, the inmate attempted to punch Plaintiff. At that point, the three inmates allegedly attacked Plaintiff. The inmates kicked and "stomped" Plaintiff while he

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

was on the floor. According to Plaintiff, he did not expect the confrontation or attack. Plaintiff alleges that he did not steal any soap and had no problems with the three inmates prior to the attack.

According to Plaintiff, officers responded to the attack after approximately five minutes. The guards took Plaintiff to the medical unit for evaluation and then to Jefferson County Hospital for treatment. Plaintiff allegedly suffered a cut above his left eye, which required stitches.

Plaintiff alleges that no officer was located in the guard tower or in his zone at the time of the attack. After the attack, Defendant Warden Kahoe allegedly told Plaintiff that he would review the video footage of the attack, but Plaintiff did not communicate with Defendant after that encounter. Plaintiff claims that Defendant should have made sure officers were in the tower or in the zone and that his failure to do so gives rise to a claims for failure to protect him from harm.

On May 15, 2018, Defendant filed his Motion for Summary Judgment [29]. Thereafter, Plaintiff filed a Response [32], Defendant filed a Rebuttal [34], and Plaintiff filed a Surrebuttal [35].

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id*. The nonmoving party, however, "cannot defeat summary judgment with conclusory allegations,

unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

Plaintiff asserts that Defendant failed to protect him from harm at the hands of his fellow inmates. Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials. *Farmer*, 511 U.S. at 834. To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference "'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

In his Motion [29], Defendant argues that he is entitled to summary judgment because he was not personally involved in the alleged assault and because he was not aware of a threat to Plaintiff. Indeed, Plaintiff failed to present, and the record does not contain, evidence that Defendant was involved in the assault or knew the three inmates posed an imminent threat to Plaintiff and ignored that threat. Plaintiff did not make Defendant aware of any specific or obvious threat or danger. In fact, Plaintiff concedes that he did not expect any inmate to confront or attack him.

Plaintiff, however, argues that his claim arises from the absence of officers in the guard tower at the time of the attack. *See* Response [32]. This allegation, even if accepted as true, does not establish that Defendant recognized the existence of a substantial risk to Plaintiff's safety. Plaintiff has failed to come forward with evidence demonstrating that Defendant knew the guard tower was unmanned and recognized that the unmanned tower constituted a substantial risk to Plaintiff's safety.[2] *See Navarre v. LeBlanc*, 2014 WL 2003334, at \*\*3-4 (M.D. La. May 15, 2014); *Grissom v. Patterson*, 1993 WL 560256, \*3 (5th Cir. Dec. 27, 1993) ("Wantonness, in the context of a failure-to-protect claim, requires that the defendant be conscious of the inevitable or probable results of [his] failure to take preventative action.") (internal quotations and citations omitted; brackets in original).

In support of his Motion for Summary Judgment [29], Defendant submitted an affidavit stating that eleven officers were on duty during the attack and that seven of those officers were responsible for monitoring and guarding the inmates. *See* Affidavit [29-2]. Defendant stated that, in his experience, seven guards were "sufficient to adequately guard, monitor and protect

---

[2] Plaintiff does not allege that the inmates could only be monitored from the tower. Plaintiff asserts that Defendant was able to monitor the inmates from his office and that officers responded to the assault within three to five minutes. *See* [32] at 2.

4

the inmates of the JFCCF." *Id*. Defendant also stated that he had "no personal knowledge that any of the towers or jail position were unmanned during a particular time period on May 5, 2017." *Id.* Plaintiff has not presented evidence rebutting Defendant's sworn testimony.

Moreover, even if Defendant failed to "make sure" an officer was in the tower, such action or inaction does not rise to the level of a constitutional violation. "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Estate v. Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 379 (5th Cir. 2005). Plaintiff's allegations, "which rise only to the level of mere negligence, are not sufficient to state a failure-to-protect claim." *Chester v. Dretke*, 2005 WL 1155133, at *3 (S.D. Tex. April 27, 2005) (holding that an inmate's allegation that an attack by a fellow inmate was caused by a correction officer not "watching his squad" was insufficient to state a failure-to-protect claim) (citing *Farmer*, 511 U.S. at 837; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Oliver*, 914 F.2d at 60). "A sudden and unanticipated attack during the middle of the night by another inmate is insufficient to state a constitutional claim against the Defendants." *Sirmans v. Williams*, 2009 WL 1788186, at *2 (N.D. Fla. June 22, 2009) (explaining that the plaintiff made only a conclusory allegation that the defendants were asleep and failed to allege that the defendants knew the plaintiff was in any danger of being attacked). Thus, Defendant is entitled to judgment as a matter of law, and his Motion for Summary Judgment should be granted.

## *Qualified Immunity*

Although Defendant raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Well v. Bonner*, 45 F.3d 90,93 (5th Cir. 1993) (citing *Siegert v. Gilley*,

5

500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because Plaintiff has failed to establish cognizable constitutional claims, the Court need not address the issue of whether Defendant is entitled to qualified immunity.

*Official Capacity*

To the extent Plaintiff has asserted claims against Defendant in his official capacity, these claims should also be dismissed. Plaintiff has failed to demonstrate that any official policy or custom was the "moving force" behind an alleged deprivation of Plaintiff's constitutional rights. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Moreover, Plaintiff has failed to establish an underlying constitutional violation.

*Motion to Strike [36]*

On July 2, 2018, Plaintiff filed a Surrebuttal [35] in opposition to Defendant's Motion for Summary Judgment. Thereafter, Defendant filed a Motion to Strike [36], requesting that the Court strike the Surrebuttal [35] from the record. Plaintiff did not seek leave of Court to file a surrebuttal. Thus, this pleading was unauthorized. However, because Plaintiff is proceeding *pro se* and the Rebuttal [35] should not affect the Court's conclusions, the undersigned recommends that the Court deny the Motion to Strike [36].

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Strike [36] be DENIED, Defendant's Motion for Summary Judgment [29] be GRANTED, and this action be dismissed with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 28th day of August, 2018.

s/ Michael T. Parker
United States Magistrate Judge
